

FILED
APR 1 2 2010
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHARON LANE, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) No. 3:10-CV-152 |
| vs. | ) Phillips / Shirley |
| UNITED OF OMAHA LIFE | ) JURY DEMANDED |
| INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Sharon Lane, by and through counsel and sues the Defendant and would respectfully show unto the court as follows:

### I. PRELIMINARY STATEMENT

1. This is an action by the Plaintiff seeking damages from United of Omaha Life Insurance Company's Bad Faith Failure to Pay Life Insurance Proceeds, Breach of Contract, Equitable Estoppel, Breach of Implied Covenant of Good Faith and Fair Dealing, Gross Negligence, Intentional, Willful, Reckless and Wanton Misconduct, Violation of Tennessee Consumer Protection Act, Unfair and Deceptive Acts or Practices and any other action that can be maintained against the Defendant based upon the facts of this case.

### II. JURISDICTION

2. This court has jurisdiction under 28 U.S.C. § 1332 et. seq., because of adverse claimants diverse citizenship and the amount for which the Plaintiff is seeking. Moreover, this Court has the power of nationwide service of process and can exercise personal jurisdiction over the Defendant pursuant to 28 U.S.C. § 2361. Finally, venue in this district and division is proper under 28 U.S.C. § 1397 because at least one of the adverse claimants reside in this district.

## III. PARTIES

3. The Plaintiff, Sharon Lane, is an adult individual and daughter of decedent (Paul Walls) residing in the State of Tennessee and more particularly, 116 Lee Terry Rd., Wartburg, Tennessee 37887.

4. The Defendant, United of Omaha Life Insurance Company is a corporation organized and existing under the laws of the state of Nebraska. United of Omaha Life Insurance Company may be served with process through the Tennessee Department of Commerce & Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243.

## IV. FACTS

5. On or about January 13, 2010, Paul Walls (decedent) passed away. The Defendant had issued a written policy of insurance on the life of decedent in the amount of $100,000.00, naming the Plaintiff as beneficiary.

6. Under the terms of the policy, the Defendant promised to pay the sum of $100,000.00 to the Plaintiff on due proof of the death of decedent during the term of the policy.

7. On January 13, 2010, while the policy was in full force and effect, the decedent died under such circumstances as to come within the promises and undertaking of the policy and to render the Defendant liable to pay to the Plaintiff as beneficiary the sum of $100,000.00.

8. Days after the loss of her father, the Plaintiff gave the Defendant due notice and proof of the death of decedent and that all conditions had been performed and fulfilled, and requested payment of the sum of $100,000.00 due and unpaid, but Defendant has wrongfully and in bad faith refused and still refuses to pay the Plaintiff that sum or any part of it.

## COUNT I

### BAD FAITH FAILURE TO PAY LIFE INSURANCE PROCEEDS

9. The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint as if fully set forth herein.

10. The Defendant's refusal and failure to pay the policy amount upon the death of the decedent is the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff and therefore, the Plaintiff is entitled to punitive damages against the Defendant.

## COUNT II

### BREACH OF CONTRACT

11. The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint as if fully set forth herein.

12. The Defendant promised to pay the sum of $100,000.00 to the Plaintiff on due proof of the death of decedent during the term of the policy.

13. After all the contractual provisions were completed (i.e. the death of the decedent), the Defendant was given due notice and proof of the death of decedent and that all conditions had been performed and fulfilled, and requested the sum of $100,000.00 due and unpaid, but the Defendant refused and still refuses to pay the Plaintiff that sum or any part of it.

## COUNT III

### EQUITABLE ESTOPPEL

14. The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint as if fully set forth herein.

15. The Defendant has wrongfully refused to perform as agreed, has accepted premiums, and has at all times prior to decedent's death treated the above referenced policy as if it was in full force and effect.

16. This Court, as a court of equity, should not allow the Defendant to benefit from its own misconduct and representations, and should require that the Defendant perform as previously agreed between the Defendant and decedent.

## COUNT IV

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

17. The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint as if fully set forth herein.

18. Implicit in the agreement entered into between the Defendant and the decedent was the promise that none of the parties would intentionally or purposely do anything which would destroy or injure the other party's right or ability to receive the benefits of the contract for which said party bargained and to realize said party's justified expectations with regard to the agreement.

19. The conduct of the Defendant as alleged above, constituted a breach by Defendant of its implied covenant with the Plaintiff (as beneficiary) of good faith and fair dealing under and with regard to the agreement. The Defendant thereby breached the terms of the agreement.

20. As a result of the Defendant's breach of the implied covenant of good faith and fair dealing as alleged herein, the Plaintiff has been damages in an amount to be proven at trial.

21. Based on the foregoing, the Plaintiff is entitled to judgment against the Defendant requiring it to perform the agreement and/or, alternatively, for judgment for damaged in an amount to be proven at trial.

## COUNT V

### GROSS NEGLIGENCE, INTENTIONAL, WILLFUL, RECKLESS, AND WANTON MISCONDUCT

22. The Plaintiff incorporates by reference all of the preceding paragraphs of the

Complaint as if fully set out herein.

23. In accepting premiums for the agreement, the Defendant owed a duty to the Plaintiff to make reasonable efforts to pay the policy of insurance on the death of decedent in the amount of $100,000.00 in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law requires and in accordance with the customs, policies, and procedures of other insurance companies.

24. That notwithstanding the aforementioned duties, the Defendant has refused to pay the foregoing sum to the Plaintiff and Defendant's actions in regards thereto is extremely careless, grossly negligent, and reckless, willful, wanton, criminal, malicious and intentional.

25. That as a further and direct proximate result of the conduct of the Defendant, due to it's acts and omissions, violated the Plaintiff's rights by directly and proximately causing the injuries as herein described.

26. That as a further and direct proximate result of the conduct of the Defendant, due to their acts and omissions violated the Plaintiff's rights by directly and proximately causing the injuries and conscious and unnecessary pain and suffering of the Plaintiff.

## COUNT VI

### VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

27. The Plaintiff incorporates by reference the aforementioned paragraphs of the Complaint as if fully set forth herein.

28. The Defendant, through its agents, wrongfully misrepresented the characterization and significance of the life insurance policy and the beneficiary thereof and violated the Tennessee Consumer Protection Act by engaging in the following acts:

    A. Engaging in unfair and deceptive conduct in dealing with the Plaintiff in that

the Defendant, intentionally misled the Plaintiffs by allowing her to believe that she would receive the life insurance proceeds. This unfair and deceptive conduct occurred throughout the Plaintiff's communications with the Defendant, as well as, during the time that the Defendant was accepting premiums for said policy.

B. In the alternative, the actions by Defendant, through its agents hereinbefore described constitute engaging in an unfair and/or deceptive act or practice in the course of providing goods and services to the Plaintiff, consumer, and is in violation of the Tennessee Consumer Protection Act, T.C.A. 47-18-101 et seq. In addition, that on account of the aforementioned conduct of said Defendant, the Plaintiff is entitled to be awarded treble and her actual damages in accordance with T.C.A. 47-18-109(a).

## COUNT VII

### UNFAIR AND DECEPTIVE ACTS OR PRACTICES

29. The Plaintiff incorporates by reference the aforementioned paragraphs of the Complaint as if fully set forth herein.

30. Pursuant to Tennessee Code Section 47-18-104(a), "[u]nfair and deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts..." and Tennessee Code Section 47-19-109 provides for a private right of action for unfair and deceptive acts or practices.

31. Pursuant to Tennessee Code Section 47-18-104(b)(7) unfair and deceptive acts or practices include, but are not limited to, acts or practice "[r]epresenting that goods or services are of a particular standard, quality or grade . . . if they are of another."

32. Pursuant to Tennessee Code Section 47-18-104(b)(27) unfair and deceptive acts or practices include, but are not limited to, "[e]ngaging in any other act or practice which is deceptive

to the consumer or to any other person."

33. As a result of the Defendant's unfair and deceptive acts or practices, the Plaintiff has incurred and continues to incur considerable damages that she is entitled to recover, and is entitled to an award of treble damages and attorneys' fees against the Defendant.

34. All of the Plaintiff's losses and damages were a direct and proximate result of the negligence, recklessness, gross and in willful disregard of the Defendant.

35. The Defendant is liable for the actions of it's employees through the theories of agency, apparent agency and *respondeat superior*.

## COUNT VII

### CLAIMS FOR RELIEF

36. The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint as if fully set forth herein.

37. The Defendant has acted with gross negligence and with knowing and wanton disregard of the Plaintiff's rights and has failed to alleviate, or provide, resources to alleviate violations of the Plaintiff's rights as the beneficiary of decedent life insurance policy.

38. As a direct and proximate result of the Defendant's negligence, recklessness and/or intentional conduct, the Plaintiff has suffered injuries; emotional distress and mental anguish.

39. The Plaintiff's injuries have resulted in loss of enjoyment of life and emotional trauma, and such losses will continue in the future.

40. As a result of the acts complained herein, the Plaintiff brings this action for all damages proximately caused by Defendant's conduct.

**WHEREFORE**, the Plaintiff prays:

1. That the Plaintiff recover from the Defendant the amount of **One Hundred**

Case 3:10-cv-00152-TC-CCS   Document 1   Filed 04/12/10   Page 7 of 9   PageID #: 7

**Thousand and 00/100 Dollars ($100,000.00),** with interest thereon as allowed by law from January 13, 2010, until paid;

2. That the Plaintiff recovers from the Defendant punitive damages in the amount of **One Million and 00/100 Dollars ($1,000,000.00).**

3. For other damages, including consequential damages, against the Defendant in an amount to be proven at trial;

4. For Plaintiff's attorneys' fees and court costs incurred herein;

5. That a jury try this action; and

6. That this Court grant such other relief as may be deemed just and proper.

Dated this the 12th day of April, 2010.

*Respectfully submitted,*

**LAW OFFICE OF MICHAEL S. SHIPWASH**

By: **s/ Michael S. Shipwash**
 **MICHAEL S. SHIPWASH**
 BPR NO: 019173
 8079 Kingston Pike, Suite O
 Knoxville, Tennessee 37919
 (865) 691-4454

## COST BOND

We, the undersigned, here acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-120 and/or Rules 65.05 of the Tennessee Rules of Civil Procedure.

s/ Sharon Lane
PRINCIPAL, Sharon Lane


s/ Michael S. Shipwash
SURETY

Address: 8079 Kingston Pike, Suite O
Knoxville, TN. 37919
(865) 691-4454